Case 2:23-cv-00561   Document 1   Filed 08/21/23   Page 1 of 7 PageID #: 1

FILED
AUG 21 2023
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**JAY FOLSE,**

    **Plaintiff,**

V.                                    CIVIL ACTION NO.: 2:23-CV-00561

**JOHN McCUSKEY JR., in his individual and official capacities,**

**G. RUSSELL ROLLYSON JR., in his individual and official capacities,**

    **Defendants.**

## COMPLAINT

Plaintiff hereby sues John McCuskey Jr, and G. Russell Rollyson Jr. in their individual and official capacities. The Defendants are sued for their refusal to issue a tax deed to the Plaintiff and their policies related to refusing to issue tax deeds. They are being sued under 42 USC § 1983 and WV Code § 11A-3-60.

## PARTIES

1.    Plaintiff Jay Folse is a citizen of the State of West Virginia. He is acquainted with the Defendants through his purchases of tax liens sold by them through their positions with the State Auditor's Office.

2.    Defendant John McCuskey Jr. is an elected official with the title of State Auditor. He is a resident of Charleston, WV.

3.    Defendant G. Russell Rollyson Jr. is an employee of the State Auditor with the title Senior Deputy. He is a resident of Cross Lanes, WV.

## JURISDICTION AND VENUE

4.　This action is brought under 42 U.S.C § 1983, the Fourth Amendment to the United States Constitution, and state law.

5.　The Court has subject matter jurisdiction under 28 USC §§ 1331, 1343, 1367, 2201, and 2202.

6.　Venue is proper in this District pursuant to 28 USC § 1391. Defendants are residents of the State of West Virginia and reside in this District. A Substantial part of the events giving rise of the claims in this action occurred in this District.

## FACTS

7.　After the decision from *O'Neal v. Wisen*, CIVIL ACTION NO. 5:16-cv-08597 (S.D.W. Va. Feb. 28, 2017) the Defendants began requiring personal service of the notice to redeem from the tax sale on interested parties to the subject property in every instance where certified mail was returned as undeliverable.

8.　They base this policy on the decision in *O'Neal* even though the holding did not require personal service in every situation.

9.　After some time, the Defendants decided that the *O'Neal* decision requires actual notice of the notice to redeem on interested parties to the subject property.

10.　The Plaintiff is a tax lien investor who has purchased hundreds of properties and has been severely impacted by this policy which is misplaced on the holding from *O'Neal*.

11.　The Plaintiff has been involved in many lawsuits against the Defendants to compel issuance of tax deeds.

12. The Plaintiff is forced to file these lawsuits after the Defendants require a "substitute address" even though the Plaintiff either does not know the individual's address or service was already attempted at the known address.

13. Most of these lawsuits have been lost by the Plaintiff in Circuit Court because the Circuit Court judges mistakenly believe that the holding in *O'Neal* requires actual notice or personal service even when the individual's whereabouts are unknown.

14. On appeal, the West Virginia Supreme Court of Appeals also mistakenly believed that actual notice is required for a tax sale.

15. When the Defendants require actual notice and the Plaintiff is unable to achieve that, the Defendants take the Plaintiff's purchase money.

16. That money is not applied to any specific use but rather unlawfully converted to the state's school fund.

17. The property is then sold again to another unsuspecting investor who will also lose his purchase money when he is unable to achieve actual notice in the interested parties.

18. One of many sales the Plaintiff was caught up in this cycle with was for certificate 3311261.

19. That property was purchased by the Plaintiff on September 22, 2021 for $700.

20. The Plaintiff conducted the title search himself and identified one owner of the property, George Ferrell, to be notified.

21. The Plaintiff initially identified an address for him in Alaska where he sent certified mail and a personal process server to.

22. The certified mail was returned and marked by the mailman as "ANK" or attempted not known.

23. The process server refused to perform the service as there was a door buzzer to the apartment building and the process server hired by the Defendants couldn't figure out how to operate the door buzzer.

24. The Plaintiff then sent a process server to an address in Louisiana which is only ascertainable through an internet search.

25. The process server stated that Mr. Ferrell does not reside there but made contact with his family members.

26. According to the process server, the family members stated Mr. Ferrell has moved to Alaska.

27. The Plaintiff contacted one of his family members who stated that Mr. Ferrell has since moved from Alaska to Baltimore.

28. The Plaintiff is unaware of and cannot ascertain Mr. Ferrell's current address.

29. Despite this, the Defendants claim that the holding in *O'Neal* bars them from issuing the tax deed as Mr. Ferrell has not been provided notice.

30. The Defendants also refuse to provide a refund for the purchase of the property.

## COUNT I

### Declaratory Relief Under 42 U.S.C. § 1983 Regarding the Defendants' Policies

31. The Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 30 of this complaint, as if fully stated herein.

32. The Defendants' reliance on the holding in *O'Neal* is incorrect as it pertains to their refusal to issue tax deeds unless actual notice is achieved and requiring personal service in every situation.

33. The Plaintiff seeks declaratory relief to declare that the Defendants may issue a tax deed when actual notice is not achieved and not be in violation of the due process clause.

34. The Plaintiff seeks declaratory relief to declare that the Defendants may issue a tax deed without requiring personal service of the notice to redeem on interested parties in every situation.

35. The Plaintiff seeks declaratory relief to declare that the tax deed for 3311262 can be issued and not cause a violation of the due process clause to occur.

## COUNT II

### Declaratory Relief Under 42 U.S.C. § 1983 for Unconstitutional Taking

36. The Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 35 of this complaint, as if fully stated herein.

37. The Defendants have taken the Plaintiff's money to purchase the property identified as certificate 3311261.

38.     The Defendants refuse to refund the purchase money or issue the tax deed with no valid justification.

39.     The Defendants' actions constitute an unconstitutional taking.

40.     The Plaintiff seeks declaratory relief to declare that when the Defendant's accept money for the purchase of a tax lien and refuse to issue the tax deed or a refund with no valid justification that it is an unconstitutional taking.

## COUNT III

### Compelling Tax Deed Under WV Code § 11A-3-60

41.     The Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 40 of this complaint, as if fully stated herein.

42.     The Plaintiff seeks relief under WV Code § 11A-3-60 to compel the Defendants to issue the tax deed.

43.     The Plaintiff acknowledges that there are four recent decisions from the West Virginia Intermediate Court of Appeals which held that WV Code § 11A-3-60 cannot be used to compel issuance of a tax deed but rather a petition for a writ of mandamus is the proper method.

44.     Those cases are currently being appealed and it is the belief of the Plaintiff that the ICA was wrong.

## PRAYER FOR RELIEF

The Plaintiff asks for compelling issuance of the tax deed, declaratory relief, and costs and fees associated with this action.

_/s/ Jay Folse_
4702 Eoff St.
Wheeling, WV 26003
540-847-2213
Jayman1233@gmail.com
