**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**JAY FOLSE,**

      **Plaintiff,**

**vs.**                              **CIVIL ACTION NO. 2:23-CV-00561**

**JOHN MCCUSKEY, JR.,
in his individual and official capacities,
G. RUSSELL ROLLYSON, JR.,
in his individual and official capacities,**

      **Defendants.**

<u>**PROPOSED FINDINGS AND RECOMMENDATION**</u>

Pending before the Court are the ***Defendants John B. McCuskey and G. Russell Rollyson Jr.'s Motion to Dismiss Plaintiff's Complaint*** and its accompanying ***Memorandum of Law in Support of Defendants John B. McCuskey and G. Russell Rollyson Jr.'s Motion to Dismiss*** (ECF Nos. 9, 10). By Administrative Order entered on August 22, 2023, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3) Having examined the ***Complaint*** (ECF No. 1), the additional pleadings of record and pertinent legal authority, the undersigned has concluded that the ***Motion to Dismiss*** should be **GRANTED** for the reasons stated *infra*:

**Plaintiff's Factual Allegations**

The Plaintiff has filed a three-count complaint under 42 U.S.C. § 1983 and W. Va. Code § 11A-3-60 seeking declaratory relief: (1) that the Court find that the Defendants may issue the tax deed on certificate #3311261 (representing property the Plaintiff purchased at a tax sale) to the

Plaintiff will not violate due process rights of the owner of the property (George Ferrell), despite the Plaintiff's best efforts, but having failed to provide actual notice to the interested party's claim to the property; (2) that the Court find that the Defendants' refusal to refund the Plaintiff's $700 for the property he purchased at the tax sale on September 22, 2021 is an unconstitutional taking; and (3) that the Court compel the Defendants to issue the tax deed to the Plaintiff pursuant to W. Va. Code § 11A-3-60 (ECF No. 1 at 5-6)

**Procedural History**

On August 21, 2023, the Plaintiff, acting *pro se*[1], filed his Complaint for declaratory relief pursuant to Title 42 U.S.C. § 1983 and W. Va. Code § 11A-3-60. (ECF No. 1) On September 14, 2023, the Defendants filed their Motion to Dismiss and supporting Memorandum.[2] (ECF Nos. 9, 10) Also on July 5, 2022, Defendant Cassis filed his Motion to Dismiss and supporting Memorandum. (ECF Nos. 6, 7) In accordance with the Roseboro notice issued by the undersigned (ECF Nos. 11, 13), the Plaintiff filed his Opposition to Defendants' Motion to Dismiss (ECF No. 14) on October 6, 2023. On October 13, 2023, the Defendants McCuskey filed their Reply Brief (ECF No. 15). Consequently, this matter is fully briefed and ready for resolution.

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The undersigned notes, however, this particular litigant is very experienced, and he has represented to the Court that he is currently attending law school in Delaware.

[2] The Defendants attached seven (7) exhibits to their supporting Memorandum: the approval letter from the Auditor's Office acknowledging the Plaintiff's purchase of the tax lien and informing him of the required steps in order to secure a deed for the property subject to the lien; the certified letter to the interested party, George Ferrell, at his purported address in Alaska that was returned for insufficient address and unable to forward; two notifications to the Plaintiff that personal service upon Mr. Ferrell at the Alaska address was unsuccessful; a notification to the Plaintiff that personal service upon Mr. Ferrell at an address in Louisiana was unsuccessful because he did not reside at that location; another letter from Defendant Rollyson to the Plaintiff advising him of additional steps he must take in order to satisfy due process concerns as a result of the non-service and returned certified mailing that concerned Mr. Ferrell; and a blank Notice to Redeem Form noting the Plaintiff, as purchaser, address and certification number 3311261, identifying the property purchase. (ECF No. 10 at 18-30)

## Defendants' Argument in Support of Dismissal

The Defendants cite four (4) reasons why this Court should dismiss the Plaintiff's complaint. First, they argue that the Plaintiff seeks relief that is prohibited under the Federal Tax Injunction Act, 28 U.S.C. § 1341. This action directly stems from West Virginia's statutory method of collecting delinquent property taxes, and because the Plaintiff is utilizing this Court to enjoin or interfere with the State's ability to assess or collect taxes, his complaint must be dismissed.

Secondly, the Defendants contend that the Plaintiff fails to state a claim for which relief can be granted in Count I – in prior pleadings involving this Plaintiff, they have repeatedly stated that actual notice is not required for the issuance of a tax deed under the delinquent sale statute; only when a mailed notice of a tax sale to the property owner is returned unclaimed, must additional reasonable steps be taken as endorsed by this Court's ruling in *O'Neal v. Wisen*, No. 5:16-cv-08597 and *Jones v. Flowers*, 547 U.S. 220, 226, 126 S.Ct. 1708, 1713-1714 (2006). The Auditor's Office updated its procedures to comply with the Court's mandates in providing proper notice to owners; the Plaintiff acknowledges that both he and the Auditor were aware service on the former owner failed, however, the Plaintiff failed to take additional reasonable steps to attempt to achieve notice on the former owner. Given that the statutory requirements are strictly construed in favor of the original property owner, the Plaintiff's request for a deed must be denied.

Third, the Plaintiff's claim under Count II as an unconstitutional taking fails because he voluntarily exchanged money for a tax lien – the $700 the Plaintiff paid for the tax lien cannot be considered a seizure by these Defendants.

Finally, the Defendants assert this Court should abstain from exercising jurisdiction over this matter because there is a pending related state proceeding in accordance with this Circuit's

jurisprudence.

In sum, the Defendants ask the Court to dismiss Plaintiff's claims under Rule 12(b)(6) and 12(b)(1) with prejudice.

### Plaintiff's Response in Opposition

The Plaintiff disagrees that the Federal Tax Injunction Act precludes this cause of action, and that he is not seeking to enjoin or suspend the State's ability to collect taxes, he asks for a tax deed and asks this Court to clarify the standard of due process when issuing notices to redeem. Because the Plaintiff is unable to bring an action to compel the issuance of tax deeds under W. Va. Code § 11A-3-60, he has no adequate remedy in State court, thus he must bring his claims to this Court.

The Plaintiff next argues that he made additional efforts to locate the original owner of the property to no avail, and that the Defendants' policy of requiring actual notice to delinquent property owners of a tax sale is problematic in terms of public policy, because new owners would never be able to purchase property at tax sales if the original owners can avoid service.

The Plaintiff disputes the Defendants' characterization of the $700 he paid for the tax lien: this purchase money was for property that the Defendants have since refused to issue a tax deed. Because the Defendants converted this money into the State's general fund, their actions constitute a taking – the Plaintiff received no benefit of this bargain. The Plaintiff further alleges that the Defendants "never had any intention of issuing the tax deed. The Defendants' acts fraudulently induced the Plaintiff into paying them $700." (ECF No. 14 at 9)

Finally, the Plaintiff argues that the Court should not abstain from exercising jurisdiction over his claims – though he has lawsuits to compel the issuance of tax deeds in State courts, he is

4

not seeking declaratory relief or Section 1983 claims. The Plaintiff's claims concern policies relating to due process and federal court decisions interpreting same as applicable to notice of tax sales.

**Defendants' Reply**

The Defendants note that the Plaintiff argues inconsistent positions as reflected in his complaint and his response to their motion to dismiss, but the fact remains that his action primarily deals with the delinquent tax sale process, which is a mechanism for the collection of delinquent property taxes by the State. This necessarily implicates the Tax Injunction Act, which precludes this case. The Plaintiff willfully ignores the relevant portions of W. Va. Code § 11A-3-1, which respects the due process rights of former property owners, which take precedence over any illusory right claimed by a tax lien purchaser. Moreover, contrary to the Plaintiff's argument, the Defendants have never advocated for actual notice or personal service on property owners by tax lien purchasers – only that personal service is required after certified mailing has failed, consistent with *O'Neal v. Wisen* and other relevant case law. The parties are aware attempted service of notice to Mr. Ferrell failed at two locations, though the Plaintiff also asserted in his complaint that Mr. Ferrell lives in Baltimore, Maryland – regardless, the Plaintiff did not exhaust all efforts, as he never sought to utilize notice through publication when an owner's address is unknown pursuant to W. Va. Code § 11A-3-55(d).

The Defendants reassert that the Plaintiff's alleged Takings Clause violation fails because once he voluntarily paid for the tax lien, that $700 ceased to be his private property; the only property interest the Plaintiff has is in the tax lien itself, which may convert to a deed to the property only upon his compliance with the statutory requirements, which he has failed to do.

Finally, the Defendants point out that the Plaintiff has an adequate state remedy available to him: he may seek the issuance of a tax deed by filing suit in the West Virginia Circuit Court. The Defendants assert they are unaware of any Circuit Court decision involving them and the Plaintiff that held a due process clause violation occurred even when the tax lien purchases made a reasonably diligent effort to notify the owner. Further, the Plaintiff's disappointment with State court decisions does not justify a federal court to consider this complaint.

**The Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because

this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." <u>Miller v. Jack</u>, 2007 WL 2050409, at * 3 (N.D.W. Va. 2007) (citing <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. <u>Weller v. Department of Social Servs.</u>, 901 F.2d 387 (4th Cir. 1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); <u>also see</u> <u>Goode v. Central Va. Legal Aide Society, Inc.</u>, 807 F.3d 619 (4th Cir. 2015).

**Discussion**

The undersigned notes that the Plaintiff states that "there are four recent decisions from the West Virginia Intermediate Court of Appeals which held that WV Code § 11A-3-60 cannot be used to compel issuance of a tax deed but rather a petition for a writ of mandamus is the proper method." (ECF No. 1 at 6, ¶ 43) The Plaintiff further states that "Those cases are currently being appealed and it is the belief of the Plaintiff that the ICA was wrong." (<u>Id.</u>, ¶ 44) The Defendants concede there are "ongoing actions between the Plaintiff" and themselves. (ECF No. 10 at 14) There being no dispute between these parties regarding ongoing state proceedings, particularly at the appeals stage, the undersigned finds no reason to discuss the merits of this case, as this Court

7

lacks sufficient jurisdiction to consider it.

The Federal Declaratory Judgment Act has been recognized as a vehicle that "may declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). This has been considered a district court's "discretionary" power. See Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996)(citing Brillhart v. Excess Ins. Co., 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942); Wilton v. Seven Falls Co., 515 U.S. 277, ——, 115 S.Ct. 2137, 2144, 132 L.Ed.2d 214, 225 (1995); Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 324 (4th Cir.1937)). The Supreme Court explained that, when a related state proceeding is underway, a court considering a declaratory judgment action should specifically consider whether the controversy "can better be settled in the proceeding pending in the state court." Brillhart, 316 U.S. at 495, 62 S.Ct. at 1176. The Fourth Circuit has set forth specific factors for district courts to consider when deciding whether to exercise jurisdiction over state law claims when a parallel litigation is pending in the state courts:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (3) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law"; and (4) whether the declaratory judgment action is being used merely as a device for "procedural fencing" – that is, "to provide another forum in a race for res judicata" or "to achiev[e] a federal hearing in a case otherwise not removable."

Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir. 1994). There is no dispute that there is a pending State action that concerns issues identical to those raised herein, notwithstanding the Plaintiff's alleged Section 1983 claims: he wants a tax deed issued to him, or

a refund. West Virginia Code Section 11A-6-60 clearly provides for such relief, and the Plaintiff may apply for same by way of petition to the circuit court of the county for an order compelling the execution of a deed – provided he do so within the prescribed time frame. The Plaintiff concedes he has filed several such lawsuit throughout the State, but only seeks this Court's involvement because he believes the Intermediate Court of Appeals is wrong. In the undersigned's view, this collateral attack on State proceedings that have not yet concluded is precisely what the Fourth Circuit as well as the Supreme Court of the United States cautioned against – this Court's involvement in this matter presents a potential "entanglement" with the state court system, as is quite apparently the Plaintiff's attempt at "procedural fencing" and should not be entertained by this Court.[3]

The undersigned further notes that the Plaintiff fails to address or respond to the Defendants argument that he failed to comply with the statutory requirements for providing notice to the property owner when their address or whereabout is unknown – not once does he respond to the contention he failed to attempt publication as contemplated under W. Va. Code § 11A-3-55(d). Nor does the Plaintiff address longstanding State case law that mandates statutory procedures for the sale of land for delinquent taxes are strictly construed in favor of the original landowner pursuant to Cook v. Duncan, 301 S.E.2d 837 (W. Va. 1983) and its progeny. To that extent, the undersigned finds that the Plaintiff's silence on these issues can be construed as a concession to the Defendants' arguments. Intercarrier Communications, LLC v. Kik Interactive, Inc., 2013 WL 4061259, at *3 (E.D. Va. Aug. 9, 2013) (citing Cureton v. U.S. Marshal Serv., 322 F. Supp. 2d 23,

---

[3] Due to the ongoing identical state proceedings between these parties, the Court should abstain from exercising jurisdiction pursuant to Huffman v. Pursue, Ltd., 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975)(recognizing Younger abstention applies to civil matters and longstanding judicial policy against federal interference with state proceedings based on doctrine of comity).

9

27 (D.D.C. 2004) ("When a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the case."); see Chamblee v. Old Dominion Sec. Co., L.L.C., 2014 WL 1415095, at *8 (E.D. Va. Apr. 10, 2014) ("[Plaintiff] did not respond to the arguments made by any of the defendants with regards to Counts IX and X. As a result, [Plaintiff] abandoned these claims."). By failing to respond in any way to the Defendants' arguments for dismissal based on the Plaintiff's own failures to comply with the requirements on giving notice to owners under the West Virginia Code, the Plaintiff has effectively abandoned his claims for declaratory relief as it relates to the issuance of a tax deed.[4]

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the District Judge **GRANT** the ***Defendants John B. McCuskey and G. Russell Rollyson Jr.'s Motion to Dismiss Plaintiff's Complaint*** (ECF No. 9), **DISMISS** Plaintiff's Complaint (ECF No. 1) with prejudice, and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

---

[4] On that note, the Plaintiff's speculative and conclusory allegation that the Defendants somehow defrauded the Plaintiff by "induc[ing]" him into paying $700 is (ECF No. 14 at 9) is waived. See Grayson O Co. v. Agadir Int'l LLC, 856 F.3d 307, 316 (4th Cir. 2017)("A party waives an argument by failing to present it in its opening brief or by failing to develop [its] argument – even if [its] brief takes a passing shot at the issue.")(citations and internal quotation marks omitted)(alterations in original). In any event, the Plaintiff's allegations of fraud, purportedly to bootstrap his Takings Clause argument, come dangerously close to inviting sanctions for violating Rule 11(b) of the Federal Rules of Civil Procedure. The undersigned observes this meritless argument has no basis in fact or law, and is particularly egregious given the Plaintiff's representation that he voluntarily participated in a tax sale, and does so on a frequent and regular basis throughout the State.

Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on any opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to the *pro se* Plaintiff and to counsel of record.

ENTERED: October 17, 2023.



Omar J. Aboulhosn
United States Magistrate Judge