IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAY FOLSE,

          Plaintiff,

v.                                            CIVIL ACTION NO.   2:23-cv-00561

JOHN MCCUSKEY, JR. and
G. RUSSELL ROLLYSON, JR.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Plaintiff, Jay Folse, proceeding *pro se*, initiated this action with a *Complaint* (Document 1) filed on August 21, 2023.  Mr. Folse alleges, inter alia, that Defendants John McCuskey Jr. and G. Russell Rollyson Jr. improperly refused to issue a tax deed for property he purchased at a tax sale.  By *Administrative Order* (Document 3) entered on August 22, 2023, this matter was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for total pretrial management and submission of proposed findings of fact and recommendations for disposition.  On October 17, 2023, Judge Aboulhosn submitted a *Proposed Findings and Recommendation* (PF&R) (Document 16), recommending that *Defendants John B. McCuskey and G. Russel Rollyson Jr.'s Motion to Dismiss Plaintiff's Complaint* (Document 9) be granted, the Plaintiff's complaint be dismissed, and this matter be removed from the Court's docket.

The Court has reviewed the *Plaintiff's Objections to Proposed Findings and Recommendations of the Magistrate Judge* (Document 21) and *Defendants John B. McCuskey and*

*G. Russell Rollyson Jr.'s Response to Plaintiff's Objections to Proposed Findings and Recommendations of the Magistrate Judge* (Document 22). For the reasons stated herein, the Court finds that the objections should be overruled.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Magistrate Judge Aboulhosn's PF&R sets forth in detail the procedural and factual history surrounding the Plaintiff's claim and the motion to dismiss. The Court now incorporates by reference those facts and procedural history. To provide context for the ruling herein, the Court includes the following summary.

The Plaintiff, Jay Folse, alleges that he is a tax lien investor and "has been involved in many lawsuits against the Defendants to compel issuance of tax deeds." (Compl. at ¶ 11.) The Defendants are State Auditor John McCuskey, Jr., and Senior Deputy Auditor G. Russell Rollyson, both state officials involved in the sales of tax-delinquent properties. Mr. Folse further alleges that the Defendants improperly require actual notice to the delinquent owners of properties with tax liens, even when the owner's address and whereabouts are unknown. When the Plaintiff is unable to provide actual notice, "the Defendants take the Plaintiff's purchase money," then again offer the property for sale "to another unsuspecting investor who will also lose his purchase money when he is unable to achieve actual notice." (*Id*. at ¶¶ 15-17.)

Mr. Folse purchased the property at issue in this case for $700 on September 22, 2021. He identified one owner of the property, and had certified mail sent to an address in Alaska. The certified mail was returned undelivered. The Plaintiff attempted service by a process server to the address in Alaska and an address in Louisiana but was unable to serve the owner or ascertain his

current address, although he did reach a family member. The Defendants refused to issue the tax deed based on the lack of notice and refused to refund the purchase price of the property.

Mr. Folse asserts the following causes of action: Count 1: Declaratory Relief Under 42 U.S.C. §1983 Regarding the Defendants' Policies; Count II: Declaratory Relief under 42 U.S.C. §1983 for Unconstitutional Taking; and Count III: Compelling Tax Deed Under WV Code § 11A-3-60.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## DISCUSSION

The Defendants moved to dismiss, and Magistrate Judge Aboulhosn recommends that their motion be granted. The PF&R highlights the Plaintiff's ongoing litigation in state court regarding issuance of tax deeds and the Plaintiff's contention that the state Circuit Courts and Intermediate

Court of Appeals have reached incorrect rulings. Judge Aboulhosn found that the Court should abstain from exercising jurisdiction over this matter given the ongoing identical state proceedings. In addition, Judge Aboulhosn noted that the Plaintiff did not address the Defendants' "argument that he failed to comply with the statutory requirements for providing notice to the property owner when their address or whereabout is unknown" or the argument that "longstanding State case law that mandates statutory procedures for the sale of land for delinquent taxes are strictly construed in favor of the original landowner." (PF&R at 9.) Thus, the PF&R recommends that the Plaintiff's allegations as to those issues be treated as conceded.

The Plaintiff objects, arguing that the Court has jurisdiction to resolve the claims presented under the Federal Declaratory Judgment Act. He indicates that his state claims to compel issuance of tax deeds relate to different properties, and therefore argues that there is little state interest in resolving these matters in state court. He further argues that "the main question and controversy is of federal law, not state law," as he seeks a ruling on "the standard of notice of a tax sale under the due process clause." (Obj. at 3-4.) The Plaintiff contends that the issue of federal constitutional law will be more effectively resolved in federal court, given his view that the state circuit courts "have routinely botched the decisions in finding that the Plaintiff has to have actual notice on individuals to satisfy the due process clause," and state Supreme Court opinions have lacked clarity. (*Id.* at 4.) The Plaintiff further disputes the finding that he abandoned claims by failing to respond to some of the Defendants' asserted grounds for dismissal, contending that his discussion of the standard of notice necessary to satisfy the due process clause was sufficient to respond to all of the Defendants' arguments.

The Defendants filed a response to the Plaintiff's objections, pointing to the Plaintiff's shifting positions between his complaint, his response to the motion to dismiss, and his objections. They urge the Court to overrule the objections and adopt the PF&R.

The Declaratory Judgment Act provides that: "[i]n a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  District courts have discretion to "decline to entertain" declaratory judgment actions where the declaratory relief sought will not be useful in clarifying and settling issues and terminating uncertainty and controversy. *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 594 (4th Cir. 2004).  This allows district courts to consider "facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution."  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007) (quoting from *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995)).  When a declaratory judgment suit is brought while "another suit is pending in state court presenting the same issues," district courts "should ascertain whether the questions in controversy between the parties to the federal suit…can better be settled in the proceeding pending in state court." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942).

In addition to the general principles that guide courts' discretion in determining whether to exercise jurisdiction over declaratory judgment actions, the Fourth Circuit has set forth specific factors for consideration:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; [ ](iii)

> whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law"[; and (iv) ] whether the declaratory judgment action is being used merely as a device for "procedural fencing"—that is, "to provide another forum in a race for res judicata" or "to achiev[e] a federal hearing in a case otherwise not removable."

*Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996) (citing and quoting *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994)).

As Judge Aboulhosn found, the Plaintiff's complaint references several ongoing lawsuits in state court involving the same parties and the same issues. The Plaintiff's complaint contends that the West Virginia Circuit Courts and the West Virginia Intermediate Court of Appeals have ruled incorrectly in his various cases. Though those cases do not involve the particular parcel of property identified in the complaint herein, they do involve precisely the same issues and the same parties. The Plaintiff asserts in his complaint that he is a tax lien investor involved in many lawsuits against the Defendants related to the issuance of tax deeds. Final resolution of his state cases, litigating the same issues regarding what constitutes adequate notice for issuance of a tax deed, would settle the questions in controversy in this case.

The Plaintiff contends that the question to be resolved centers on the notice required to satisfy the due process clause before depriving the delinquent owner of property in a tax sale. However, resolving that question would not provide the actual relief he seeks: issuance of the tax deed for the parcel for which he purchased the tax lien. The due process clause establishes a floor, and a tax deed cannot be issued if the purchaser and the state have not met that minimum standard of effort to effectuate notice. State law may require more than the constitutional minimum level of notice, whether to provide additional protection for property owners or simply to establish

generally applicable procedures that will be sufficient to satisfy due process in many factual scenarios. As such, even if the Court provided a declaratory judgment finding that the Plaintiff's efforts in this case satisfied due process, he would be required to comply with state law before being issued a tax deed. The state has a strong interest in resolving disputes about its processes for the sale of land for delinquent taxes, and the issues raised in this action can be resolved more efficiently in the state courts, where similar actions are pending. The Court further concurs with Judge Aboulhosn's analysis finding that this case presents a risk of entanglement with the state court system and an attempt at procedural fencing, given the Plaintiff's repeated indications that he wants this Court to correct rulings from the state courts that he believes to be erroneous. As recommended in the PF&R, the Court finds that entertaining the claims brought pursuant to the Declaratory Judgment Act and exercising jurisdiction over state law claims in this matter would be imprudent, and this matter should be dismissed.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Objections to Proposed Findings and Recommendations of the Magistrate Judge* (Document 21) be **OVERRULED**, that the *Proposed Findings and Recommendation* (Document 16) be **ADOPTED**, and that *Defendants John B. McCuskey and G. Russel Rollyson Jr.'s Motion to Dismiss Plaintiff's Complaint* (Document 9) be **GRANTED**. The Court further **ORDERS** that the Plaintiff's *Complaint* (Document 1) be **DISMISSED**, and this matter be removed from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, to counsel of record, and to any unrepresented party.

ENTER: February 8, 2024

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA